# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-1139V
### Filed: April 28, 2015
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| LARRY THOMPSON, * | |
| * | Entitlement; Damages Based on Proffer; |
| Petitioner, * | Tetanus, Diphtheria, acellular Pertussis; |
| * | Tdap; Shoulder Injury Related to |
| * | Vaccine Administration; SIRVA; |
| SECRETARY OF HEALTH * | Adhesive Capsulitis; Glenohumeral |
| AND HUMAN SERVICES, * | Arthritis; Special Processing Unit |
| * | |
| Respondent. * | |
| * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*William Cochran, Esq., Black, McLaren, Jones, Ryland & Griffee, P.C., Memphis, TN for petitioner.*
*Lara Englund, Esq., U.S. Department of Justice, Washington, DC for respondent.*

## DECISION[1]

**Vowell**, Chief Special Master:

On November 24, 2014, Larry Thompson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that he developed a "shoulder injury related to vaccine administration (SIRVA), adhesive capsulitis, glenohumeral arthritis, and shoulder pain resulting from adverse effects of a [tetanus, diphtheria, acellular pertussis] TDaP vaccination administer on January 27, 2014." Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 30, 2015, respondent filed a Rule 4(c) report indicating she believes the "petitioner's alleged injury is consistent with a shoulder injury related to vaccine administration (SIRVA) . . . [and] was caused-in-fact by the Tdap vaccination he

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

received on January 27, 2014." Respondent's Rule 4 Report at 2. Because the scope of the injury conceded by respondent (SIRVA) was more limited than what was alleged in the petition, the OSM staff attorney managing this case contacted the parties by email to determine if petitioner had agreed to limit his claim to the injury specified by respondent. The parties indicated they had not discussed the matter and would like to discuss the issue of damages to determine if they could reach an informal agreement on that issue.

On April 27, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating "petitioner should be awarded $118,571.53 . . . [which] accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled." Proffer at 1. Although the proffer indicated petitioner agreed (*see id.*), the OSM staff attorney managing this case communicated with the parties to ensure that the damages listed in the proffer represented all damages with regard to petitioner's claim. The parties confirmed by email communication that the proffer was for damages from all injuries alleged in the petition.

**I find that petitioner is entitled to compensation.** Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $118,571.53 in the form of a check payable to petitioner, Larry Thompson.** This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

> **s/Denise K. Vowell**
> Denise K. Vowell
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| LARRY THOMPSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 14-1139V |
| | ) Chief Special Master Denise Vowell |
| SECRETARY OF | ) |
| HEALTH AND HUMAN SERVICES, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.      Compensation for Vaccine Injury-Related Items**

Respondent proffers that, based on the evidence of record, petitioner should be awarded

$118,571.53.  This amount represents all elements of compensation to which petitioner would be

entitled under 42 U.S.C. § 300aa-15(a)(1); -15(a)(3)(A); and -15(a)(4).  Petitioner agrees.

**II.      Form of the Award**

The parties recommend that the compensation provided to petitioner should be made as

lump sum payment of $118,571.53, in the form of a check payable to petitioner.[1]  Petitioner is a

competent adult.  Evidence of guardianship is not required in this case.  This amount accounts

for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be

entitled.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

---

[1] Should petitioner die prior to entry of judgment, respondent would oppose any award for future
medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the
right to move the Court for appropriate relief.

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LINDA RENZI
Senior Trial Counsel
Torts Branch, Civil Division

s/ LARA A. ENGLUND
LARA A. ENGLUND
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 307-3013
E-mail:  lara.a.englund@usdoj.gov

Dated:  April 27, 2015